IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE<br>COMPANY OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-633-WKW |
| | ) | [WO] |
| HARLEYSVILLE INSURANCE<br>COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This diversity action arises out of an insurance dispute between Safeco Insurance Company of Illinois ("Safeco") and Harleysville Insurance Company ("Harleysville") concerning a motor vehicle accident.  Safeco and Harleysville each provided insurance coverage for the same vehicle.  Harleysville covered the vehicle under an employer's business automobile liability policy as a non-owned auto, while Safeco insured the owner of the vehicle under an automobile liability insurance policy.

The owner of the vehicle, while on a business trip for her employer, allegedly was at fault for a traffic accident with a motorcyclist.  The motorcyclist demanded payment from Safeco and Harleysville for his injuries.   Safeco settled the

motorcyclist's claim for less than its policy limits and, in this action, seeks reimbursement on a pro rata basis from Harleysville.  Harleysville contends that, under its policy's excess insurance clause, it is not liable until Safeco's coverage is exhausted.  Safeco contends that, because its policy contains a similar excess insurance clause, each insurer is liable for a pro rata share of the settlement based upon the applicable limits contained in each policy.

Safeco brought this action seeking a declaratory judgment that Harleysville wrongly denied coverage (Count I) and that it is entitled to reimbursement from Harleysville for two-thirds of the settlement amount under equitable contribution (Count II) or under equitable or contractual subrogation (Count III).

The parties raise purely legal issues, which are governed by Alabama law, in cross-motions for summary judgment on undisputed facts.[1]  (Docs. # 24, 26.)  For the reasons that follow, Safeco's motion for summary judgment is due to be granted on Counts I and II, and Harleysville's motion for summary judgment is due to be denied on Counts I and II and granted on Count III.

---

[1] Safeco moves for summary judgment on Counts I and II; Harleysville moves for summary judgment on all counts.

## II.  JURISDICTION AND VENUE

In this removed action, subject matter jurisdiction is proper on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Personal jurisdiction and venue are not contested.

## III.  STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party.  *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

Cross-motions for summary judgment "will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed."  *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted).  Here, the material facts are not in dispute; hence, the court must decide whether either party is entitled to judgment as a matter of law.

## IV.  BACKGROUND

The parties agree that there are no material facts in dispute.  The only issues concern a legal interpretation of the insurance policies.

A.    <u>**The Underlying Claim and Settlement**</u>

On September 20, 2018, Heidi Lee ("Lee") was involved in a motor vehicle accident during the scope of her employment with Jackson Thornton & Co., P.C. ("Jackson Thornton").  (Statement of Lee, at 10 (Doc. # 26-1).)[2]  Lee owned the vehicle, which was insured by her personal automobile liability insurance policy through Safeco ("Safeco Policy").[3]  The Safeco Policy provided $500,000 in liability coverage on a per occurrence basis.  (Safeco Policy, at 3 (Doc. # 26-3); Safeco Resp. to Harleysville's Interrogs. No. 7 (Doc. # 25-1).)  Lee's vehicle also was insured under Jackson Thornton's business automobile liability policy issued by Harleysville ("Harleysville Policy"),[4] which carried a liability limit of $1,000,000. (Harleysville Policy (Doc. # 25-3).)  It is undisputed that the Safeco Policy and the Harleysville Policy insured Lee's vehicle on the date of the accident.  (*See generally* Safeco Policy & Harleysville Policy; Harleysville Letter, dated Nov. 6, 2018, at 5– 9 (Doc. # 26-1).)

Safeco paid $200,000 to the motorcyclist to settle the automobile liability claim against its named insured, Lee.  The settlement agreement included a total

---

[2] Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

[3] The policy number is F1678863.

[4] The policy number is BA00000058176C.

release and discharge of all liability for both Lee and Jackson Thornton.  (Safeco Resp. to Harleysville's Interrogs. No. 2; Aug. 29, 2019 Settlement and Release Agreement (Doc. # 26-9).)

Safeco has sought proportional contribution from Harleysville; however, Harleysville has denied any coverage on grounds that its coverage obligations apply only on an excess basis over any coverage provided by Safeco.  (Harleysville Correspondence (Doc. # 26-7, at 3); Harleysville Claims Notes Production (Doc. # 26-10).)  Because the settlement payment of $200,000 did not exceed Safeco's policy liability limits, Harleysville argues that it owes nothing.  Safeco seeks a declaratory judgment that Harleysville wrongly denied coverage and that Harleysville must reimburse Safeco proportionally for $133,333.33 (two-thirds of the $200,000 settlement amount paid by Safeco).  (Am. Compl., at 8.)

## B.    The Safeco Policy

On the day of the accident, Lee was insured under the Safeco Policy, and the Safeco Policy provided coverage to Lee for the accident.  Under Part A—Liability Coverage, the Safeco Policy set forth that "[Safeco] will pay damages for bodily injury . . . for which any insured becomes legally responsible because of an auto accident." (Safeco Policy, at 19.)  Under Part A, an "Insured" is defined, in pertinent part, as

> 1. You or any family member for the ownership, maintenance or use of any auto or trailer.

. . .

> 3.  For your covered auto, any person or organization but only with
> respect to legal responsibility for acts or omissions of a person for
> whom coverage is afforded under B.1. . . . above.

(Safeco Policy, at 19.)  Under the Safeco Policy, Lee was the insured, and her vehicle

qualified as a "covered auto."  (Safeco Policy, at 18–19.)

The Safeco Policy also contained an "Other Insurance" clause under Part A,

which provided:

> If there is other applicable liability insurance available[,] any insurance
> we provide shall be excess over any other applicable liability insurance.
> If more than one policy applies on an excess basis, we will bear our
> proportionate share with other collectible liability insurance.

(Safeco Policy, at 22 (alteration added).)  This clause is an excess insurance clause.

## C.   **The Harleysville Policy**

On the date of the accident, the Harleysville Policy provided up to $1,000,000

in coverage to Jackson Thornton for Lee's vehicle as a non-owned auto.

(Harleysville Policy, at 24–25.)   Pertinent here, under the Harleysville Policy,

covered "autos" included non-owned "autos."  (Harleysville Policy, at 31.)  The

policy defined non-owned "autos" as "[o]nly those 'autos' you do not own, lease,

hire, rent or borrow that are used in connection with your business.  This includes

'autos' owned by your 'employees'. . . ."  (Harleysville Policy, at 31.)  In the policy,

"you" and "your" referred to Jackson Thornton, the named insured.  (Harleysville

Policy, at 31.)

Lee owned the vehicle and was using it in connection with her work for Jackson Thornton when the accident occurred.  (Statement of Lee (Doc. # 26-1, at 10).)  Jackson Thornton did not own, hire, rent, or borrow Lee's automobile. Thus, Lee's vehicle was a covered non-owned "auto" under the Harleysville Policy.

The Harleysville Policy also contained an "Other Insurance" provision:

> For any covered "auto" you own, this coverage provides primary insurance.  *For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance.*
> . . .
>
> When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

(Harleysville Policy, at 39 (emphasis added).)  This is an excess insurance clause. *See Sentinel Ins. Co. v. Ala. Mun. Ins. Corp.*, 188 So. 3d 640, 645–46 (Ala. 2015) (concluding that the policy's "other insurance" clause—"[f]or any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance"—was an excess insurance clause).

## D.   The Claims in the Operative Pleading

The operative pleading is the Amended Complaint.  (Doc. # 6.)  Safeco brings three claims.  Count I is a claim for a coverage determination.  In Count I, Safeco seeks a determination that Harleysville wrongly denied coverage and that

Harleysville and Safeco are "jointly obligated to provide coverage on a pro-rata basis for Lee's losses arising from the Accident." (Am. Compl. ¶¶ 25–28.)

Count II is a claim for equitable contribution. In Count II, Safeco seeks reimbursement from Harleysville for a pro rata share of the $200,000 settlement payment. Based upon the respective policy limits under Safeco's and Harleysville's coverages, Safeco contends that Harleysville is accountable for two-thirds of the $200,000 payment Safeco paid under the settlement agreement, or $133,333.33. Safeco seeks reimbursement from Harleysville in this amount. (Am. Compl. ¶¶ 29–30.)

Count III is a claim for equitable or contractual subrogation. In Count III, Safeco alleges again that Safeco is entitled to reimbursement from Harleysville for $133,333.33 (two-thirds of the $200,000 settlement amount).

## E.   <u>Prior Ruling on Motion to Dismiss</u>

Harleysville previously moved to dismiss Safeco's amended complaint on grounds that Safeco is not entitled to contribution because the two policies do not cover the same insured. (Doc. # 8.) The court disagreed, finding that under Alabama law the issue was whether the policies covered the same insurable interest, subject matter, and risk. (Mem. Op. & Order, at 12 (Doc. # 16).) It found that, taking Safeco's allegations as true, both policies insured Lee's vehicle at the time of the accident, meaning "the two policies cover[ed] the same interest, subject matter, and

risk as one another." (Mem. Op. & Order, at 14.) Harleysville contends that this "legal issue . . . has been preserved on the motion to dismiss" and that it need not be revisited here. (Harleysville's Mem. of Law, at 2 n.1 (Doc. # 25).) Harleysville makes alternative legal arguments in its motion for summary judgment.

## V. DISCUSSION

The cross-motions for summary judgment turn on whether the Harleysville Policy obligates Harleysville to provide pro rata coverage for Safeco's $200,000 settlement of the underlying suit. Harleysville argues that it does not owe any coverage for three reasons: (1) Alabama follows the rule that primary coverage follows ownership of the vehicle; hence, Safeco is primarily liable up to its policy limits (which were not exceeded by the settlement); (2) alternatively, the "other insurance" provisions are not mutually repugnant; and (3) the Safeco Policy does not allow for contractual subrogation against Harleysville because Lee cannot recover under the Harleysville Policy as she is not an insured under that policy.

Safeco concedes Harleysville's third point, but otherwise takes a contrary position. Safeco argues for summary judgment, contending that both its policy and the Harleysville Policy are excess based on the "other insurance" provisions. It contends that under Alabama law, because the language in the policies' "other insurance" clauses are effectively the same, the provisions are deemed "mutually repugnant" and thus are disregarded in favor of pro rata apportionment between the

two companies pursuant to the coverages provided.  (Safeco Br. in Supp. of Summ. J. Motion, at 9–10 (Doc. # 27) (citing *State Farm Mut. Auto Ins. Co. v. Gen. Mutual Ins. Co.*, 210 So. 2d 688 (Ala. 1968)).)

The interpretation of the insurance policies is a matter of state law, and the parties do not dispute that Alabama law applies in this diversity action. "The determination of which insurance coverage is primary and which, if any, is excess or secondary depends on the exact language of the policy." *Nationwide Mut. Ins. Co. v. Hall*, 643 So. 2d 551, 558 (Ala. 1994).  Additionally, "insurance contracts give effect to the intention of the parties, and, when that intention is clear and unambiguous, the insurance policy will be enforced as written." *Sentinel Ins. Co. v. Ala. Mun. Ins. Corp.*, 188 So. 3d 640, 644 (Ala. 2015) (citation omitted).  "If the terms of an insurance policy are plain and unambiguous, the interpretation of the contract and its legal effect are questions of law." *Id.* (citation omitted).

The cross-motions readily resolve in Safeco's favor based on the Alabama Supreme Court's decision in *State Farm Mutual Auto Insurance Co. v. General Mutual Insurance Co.*, 210 So. 2d 688 (Ala. 1968) ("*State Farm v. General*").  *State Farm v. General* controls the outcome and requires proration between the two insurance carriers for the settlement amount.

*State Farm v. General* involved a dispute between two insurers, each of which covered a vehicle that was involved in a motor vehicle accident.  State Farm covered

the driver's use of a non-owned automobile under an operator's policy. *State Farm v. General*, 210 So. 2d at 690, 694. General covered a family poultry company, which owned the driver's vehicle, under a commercial policy. *Id.* at 690. Both General's policy and State Farm's policy contained operative excess insurance clauses. The Alabama Supreme Court, aligning with the majority of courts, held that the clauses were "mutually repugnant" and that each insurer must bear a portion of the loss. *Id.* at 694. After examining the three methods of apportionment courts had employed to allocate losses, the Alabama Supreme Court adopted the method by which the loss is apportioned according to "the ratio which the limits of the policies bear to the total coverage . . . ." *Id.* at 696 (quotation marks and citation omitted).

The rationale behind the pro rata share rule adopted by the Supreme Court of Alabama has been explained as follows:

> Where two or more policies provide coverage for the particular event and all the policies in question contain "excess insurance" clauses, the "excess insurance" clauses cannot be given literal effect, because neither policy would cover the loss and such a result would produce an unintended absurdity. Thus, such clauses are generally considered mutually repugnant and are disregarded, rendering each company liable for a pro rata share of the judgment or settlement.

> In most of these cases, proration has been ordered in accordance with the proportionate policy limits afforded by the respective insurers.

7A Am. Jur. 2d Automobile Insurance § 543 (internal footnotes omitted).   The Alabama Supreme Court's method of proration falls in line with "most of these cases." *Id.*

Here, as in *State Farm v. General*, there was concurrent coverage:  Both the Safeco Policy and the Harleysville Policy covered Lee's vehicle at the time of accident.   Neither policy designated its coverage as "primary," and each policy contained an excess insurance clause.   If read literally, the clauses would preclude any coverage for the accident and that cannot be the intention of the parties.   Because the clauses are irreconcilable, they effectively are set aside.   Under *State Farm v. General*, Safeco and Harleysville must split the loss in accordance with the limits of their respective policies.   As a result, Safeco is liable for one-third of the total settlement payment, and Harleysville bears two-thirds of the total, or $133,333.33.

This result is straightforward based on the teachings of *State Farm v. General*, a decision that Harleysville's arguments fail to consider.   Without mention of *State Farm v. General*, Harleysville contends that the general rule under Alabama law is that "the owner's policy owes primary coverage" up to its policy limits; therefore, the Safeco Policy, as the owner's policy, is the primary coverage, and, consequently, Safeco must bear the total cost of the settlement because it was within the policy limits.   (Harleysville Br. in Opp. to Pl. Summ. J. Mot., at 7–8 (Doc. # 28).)   This argument is not persuasive.

12

*State Farm v. General* illustrates that this general rule is not applicable in concurrent coverage cases where the policies encompass competing excess insurance clauses and where neither policy contains an express provision that its coverage is primary.  There, General's insured owned the vehicle at issue, yet General only had to pay a proportion of the loss.  Alabama's highest court did not hold that General's policy was primary up to its policy limits after which State Farm's non-owned/operator's policy provided excess coverage.  Instead, the competing excess insurance clauses canceled each other out, and the insurance carriers bore the loss proportionally.  The result for which Harleysville advocates finds no support in *State Farm v. General*.

Moreover, the cases upon which Harleysville rely are distinguishable because none addressed competing excess insurance clauses.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Auto-Owners Ins. Co.*, 252 So. 2d 631 (Ala. 1971); *Cont'l Nat'l Am. Grp. v. Burleson*, 220 So. 2d 611 (Ala. 1969).  In *State Farm Mutual Automobile Insurance*, the Alabama Supreme Court was confronted with one policy with an "escape" clause and another policy with an "excess" clause.  252 So. 2d at 638.  It held that "where one policy contains an 'escape clause,' and the other contains an 'excess clause,' the primary insurer is the company issuing the policy with the escape clause because excess insurance simply is not other valid and collectible insurance." *Id.* at 640.  In *Burleson*, the Alabama Supreme Court reconciled a pro rata clause in

one policy with an excess clause in another policy.  *See* 220 So. 2d at 614.  *Burleson* held that the policy with the pro rata clause was primarily liable; the policy with the excess clause provided secondary coverage and was not liable until exhaustion of the coverage by the policy with the pro rata clause.  *See id.* at 614–15.  In fact, the *Burleson* court distinguished the policies before it from those in *State Farm v. General*, "where two policies covered the same accident and both contained 'excess' clauses":  The clauses "were held to be mutually repugnant[,] and thus, in *State Farm v. General*, "[w]e adopted proration according to the policy limits."  *Id.* at 615 (citing *State Farm v. General*, 210 So. 2d at 688).  "But, in the case at bar, the clauses do not conflict."  *Id.*

As *Burleson* and *State Farm Mutual Automobile Insurance* illustrate, different rules apply depending upon the type of clauses at issue.  *See also* Scott M. Seaman & Jason R. Schulze, *Resolving conflicts in "other insurance" clauses, Allocation of Losses in Complex Insurance Coverage Claims* § 5:4 (Dec. 2021) (detailing the rules courts have formulated to resolve coverage issues where policies contain competing "other insurance" clauses).  Because the conflicts in the insurance provisions in *Burleson* and *State Farm Mutual Automobile Insurance* involved different kinds of clauses, these cases are distinguishable.

Harleysville has cited no cases in which the general rule it advocates was applied to a situation where, as here, two insurers covered the same auto accident

14

through policies that featured conflicting excess other-insurance clauses. Harleysville's insistence that the other-insurance provisions here can be reconciled relies on a faulty premise:  Harleysville asserts that, "while Safeco's policy is excess over 'other applicable insurance,' there is not 'applicable insurance' provided by Harleysville's policy because it is excess in all instances for liability based on vehicles that Jackson Thornton does not own."  (Harleysville Br. in Opp. to Pl. Summ. J. Mot., at 7.)  The argument is unavailing because it cuts both ways.  Under Harleysville's rationale, Safeco likewise could argue that, by operation of Safeco's excess clause, the Safeco Policy does not constitute "other collectible insurance" within the meaning of Harleysville's other-insurance clause, rendering Harleysville's policy primary.  This point underscores how the excess clauses are mutually repugnant and incapable of reconciliation:  They are irreconcilable because they work together to preclude any underlying primary insurance.  Thus, if the excess clauses of both policies were given effect, there would be no primary insurance, a result that clearly the insureds did not intend.  *See Sentinel Ins. Co.*, 188 So. 3d at 644.  *State Farm v. General Mutual* held, that in such a situation, the insurers will share in resulting coverage obligations on a pro rata basis.  Safeco and Harleysville will share the loss on a pro rata basis here as well.

## VI.  CONCLUSION

The undisputed facts show that both the Safeco Policy and the Harleysville Policy provided liability coverage for the vehicle and accident at issue.  Under the other-insurance clauses, each policy contends to be "excess" over the other.  Because the excess clauses are mutually repugnant, Safeco and Harleysville are responsible for sharing liability coverage for the accident and the ensuing settlement on a pro rata basis under the holding of  *State Farm Mutual Auto Insurance Co. v. General Mutual Insurance Co.*, 210 So. 2d 688 (Ala. 1968).

It is ORDERED that Safeco's motion for summary judgment (Doc. # 26) is GRANTED on Counts I and II and that Harleysville's motion for summary judgment (Doc. # 24) is DENIED on Counts I and II and GRANTED on Count III.

Final judgment will be entered separately.

DONE this 10th day of January, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE